DOMINGO MONTOYA v. THE STATE.

No. 4023. Decided April 5, 1916.

**1.—Rape—Fraud—Knowledge and Consent—Charge of Court.**

Where, upon trial of rape by force, threats and fraud, the court charged the jury a part of article 1066, Penal Code, applicable to rape by fraud, but omitted that part of the statutes which requires that the substance administered to the female was without her knowledge or consent, the same was reversible error; the evidence showing that she drank beer voluntarily.

**2.—Same—Threats—Charge of Court.**

Where, upon trial of rape by force, threats and fraud, the only evidence of threats was that defendant told the female if she did not submit they would leave her on the road and would not take her back to the city, this would not be such a threat as would give just fear of death or great bodily harm, and the court erred in submitting the issue of threats in his charge.

**3.—Same—Force—Sufficiency of the Evidence.**

The contention that the evidence wholly failed to make a case of rape by force can not be sustained, where the evidence showed that the prosecutrix was given beer and that defendant threatened to leave her in the road if she did not submit and would not take her to the city in his automobile, as such evidence while not admissible on the question of fraud and threats was admissible on the question of force, under a proper charge of the court.

**4.—Same—Practice on Appeal.**

Where appellant complained that the jury discussed his failure to testify, and of remarks of court and counsel, but the judgment was reversed and the cause remanded for other reasons, this complaint need not be considered.

Appeal from the District Court of El Paso. Tried below before the Hon. Dan M. Jackson.

Appeal from a conviction of rape by force, threats and fraud; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Elfers & Pelphrey* and *W. D. Howe*, for appellant.—On question of

charge of court on threats and fraud: Reynolds v. State, 14 Texas Crim. App., 427; Taylor v. State, 17 id., 46; Williams v. State, 11 id., 63; Dozier v. State, 62 Texas Crim. Rep., 258, 137 S. W. Rep., 679; Cowley v. State, 72 Texas Crim. Rep., 173, 161 S. W. Rep., 471; Salazar v. State, 55 Texas Crim. Rep., 307, 116 S. W. Rep., 819.

*C. C. McDonald,* Assistant Attorney General, and *P. H. Marcum,* for the State.—On question of court's charge: Jones v. State, 10 Texas Crim. App., 552; Vernon's Criminal Statutes, vol. 1, pp. 628-630.

HARPER, JUDGE.—Appellant was convicted of rape and his punishment assessed at five years confinement in the penitentiary.

The indictment contains two counts, one charging rape on a girl under fifteen years of age, and the other charging rape by force, threats and fraud. The first count was withdrawn from the consideration of the jury, the evidence showing the girl to be more than fifteen years of age. The court submitted only the second count in the indictment—rape by force, threats and fraud. The court in his charge defined force, threats and fraud, the paragraph on fraud reading as follows: " 'Fraud,' as that term is used in this charge, must consist in the use of some substance producing an unnatural sexual desire, or such stupor as prevents or weakens resistance and committing the offense under the influence of such substance. It is a presumption of law which can not be rebutted by testimony that no consent was given under the circumstances mentioned in this article."

As applicable to rape, "fraud" is defined by article 1066 of the Penal Code, and reads: "The 'fraud' must consist in administering, *without her knowledge or consent,* some substance producing unnatural sexual desire, or such stupor as prevents," etc. It will be noticed the definition as given by the court ignores and omits that part of the statute which, to constitute fraud in a rape case, requires the substance be administered "without the knowledge or consent" of the woman or girl. That is made an essential element, and should not have been omitted from the definition of the term, and this but demonstrates there is no element of rape by fraud made by the evidence in this case. The only thing given or administered to the girl was beer. She, in company with appellant and two others, went to the "White House," a roadside inn or saloon near El Paso, and while there all four of the parties drank beer. The beer the prosecutrix drank was knowingly drunk by her, and it was not administered to her by force or without her consent. She voluntarily drank it when tendered to her. She says she only drank a half glass, while perhaps there is other testimony indicating that she drank two glasses of beer. Whatever the amount was she drank, it was of her own accord, and there is no evidence that there was administered to her any substance without her knowledge or consent, and the court erred in defining and submitting rape by this mode and means.

Again he defined threats, which as applicable to rape is defined to be

334 Texas Criminal Reports. [April,
5 Texas Criminal Reports. [April,

such as "might reasonably create a just fear of death or great bodily harm." The only evidence of threats in the record is that appellant told her and her girl companion, Petra Morales, that if they did not submit to him and his companion, only called "Nieto" in the record, they would not take them back to El Paso in the automobile but leave them there on the road. This occurred about half way between the "White House" and El Paso,—some four or five miles from El Paso. This threat is admissible as tending to show the force used on that occasion, but it is not such a threat as would give "just fear of death or great bodily harm." The evidence would not support a verdict of rape accomplished by threats, as defined by our Code, and the court erred in defining threats and submitting rape by threats to the jury.

The contention that the evidence wholly fails to make a case of rape by either of the means named in the statute can not be sustained. There is evidence of force being used, and on this issue it would be proper to admit the evidence that the prosecutrix was given beer at the "White House Inn" or saloon, and that appellant threatened to leave her in the road if she did not submit. Beer, if taken in sufficient quantity by one unaccustomed to drinking it, might and probably would have some effect on the resistance offered, and should be considered in connection with the other testimony on the issue of force, as defined by the Code. The threat to leave the girls in the road five miles from El Paso is an element of force. But while the evidence is admissible on the question of force, yet it does not raise the issue that the offense, if committed, was committed by either threats or fraud as defined by our Code. On another trial, if the evidence is the same, the evidence will be admitted on the issue of force, but the court will submit only that issue to the jury, and will not submit rape by either threats or fraud.

While there are a number of other bills of exception in the record, we do not deem it necessary to discuss them. Those complaining that the jury discussed appellant's failure to testify, of the remarks of the court, and of counsel for the prosecution, will not likely occur on another trial. None of the others present error.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*